## T. B. Lewis v. Walter Carr.

1.   CONTRACTS—*Performance of, as a Requisite to a Recovery.*—Where the terms of the contract require a person to pass a medical examination upon an application for life insurance, money advanced upon such application as the first year's premium on the policy can not be recovered back where such person refused to take the examination.

2.   SAME—*Promise as a Consideration.*—One promise is not always a good consideration for another promise.

Assumpsit, for money paid.   Appeal from the Circuit Court of Shelby County; the Hon. WILLIAM M. FARMER, Judge, presiding.   Heard in this court at the May term, 1899.   Reversed and remanded.   Opinion filed December 13, 1899.

WALTER C. HEADEN, attorney for appellant.

CHAFEE & CHEW, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

On the 25th of May, 1897, appellee applied for a life insurance policy on himself for $2,000 in the New York

Lewis v. Carr.

Life Insurance Company, through appellant, then acting as agent for the company. The premium for each year was to be $47, the first payment to be made on the application being signed. Appellee, instead of paying cash for the first year's premium, gave his note for $47, payable to appellant on the first of January, 1898. Appellant, as agent for the company, gave appellee a receipt, stating that the note was given for the insurance, and that when the company had received the report on the medical examination, if a policy should not be issued, the note should be returned. It was arranged that appellee should go to Dr. J. W. Knox, the local medical examiner for the company, residing some two miles from appellee's house. Three days afterward appellee called upon Knox, but the examination was not made, because Knox told him that he had not received the necessary papers. On the following day, and two days later also, appellee called upon Knox, but the examination was not made because appellee was dissatisfied and was not willing to take it. About ten days thereafter Knox called at appellee's house for the purpose of making the examination, but appellee refused to permit it.

Appellant sold the note before maturity to one T. F. Dove, and to him appellee paid the amount called for by it. To recover the amount so paid, $47, this suit was brought before a justice of the peace. On appeal from the judgment rendered by the justice a trial was had in the Circuit Court, resulting in a verdict and judgment in favor of appellee for $47 and costs.

Although the $47 was paid for insurance not obtained by appellee, appellant contends that appellee has no right to recover it back, because of his refusal to take the medical examination. Appellee contends that he is not precluded from a recovery on account of such refusal, for the reason that on the 14th of February, 1898, appellant took his application for insurance in the Bankers Life Insurance Company, of Kansas, under an agreement that if he should pass the medical examination required by that company, the $47 already paid should be applied on the first premium,

and that if he should fail to pass that, appellant would pay him back the $47. Over the alleged contract of February 14th there is a sharp conflict in the testimony, appellant contending that while he took appellee's application for insurance in the Bankers Life Insurance Company, he did not agree that in the event of appellee's failure to pass the medical examination required by that company he would pay to appellee the amount which had been paid on the other application. His testimony is that he insisted on appellee's taking the examination under the application to the New York company, but finally consented that if appellee did not want to do that and should pass the examination required by the Kansas City company, he would make him a present of the first premium on the policy of that company. In the conflict appellant is corroborated by two other witnesses who were present, while the testimony of appellee is unsupported by corroboration.

Although there is some difference between the testimony of Dr. Knox and appellee as to what occurred between them relating to the examination, it is clear to our minds that no examination was made, because of appellee's disinclination and refusal to take it. With the alleged contract for insurance with the Kansas City company out of the case there would be no right to recover. Money paid as first year's premium upon application for life insurance policy, where the terms of the contract required the applicant to pass a medical examination, is not recoverable back if the applicant refuses to take the examination.

It devolved upon appellee to establish his contention as to the agreement of February 14, 1898, by a preponderance of the evidence. This he failed to do. We are disinclined to reverse a judgment for the reason that the verdict of the jury is against the evidence where the evidence is conflicting, because the opportunities of the jury for judging of the witnesses are so superior to ours. But we shall not hesitate to do so where the verdict is palpably against the weight of the evidence and has been aided by an erroneous instruction. For the plaintiff the court gave to the jury the following instruction:

" 3.   The court instructs the jury that one promise is a good consideration for another promise, and if the jury believe from the evidence that Lewis had promised to have a life policy issued to Carr in the New York Life Insurance Company for two thousand dollars, and afterward, before any policy had been issued by the New York Life Insurance Company, Lewis, as agent for the Bankers Life, of Kansas City, agreed with Carr that he would give him a policy in the Bankers Life for the same amount in lieu of the New York Life Insurance Company, if he, Carr, successfully passed the medical examination, and if he did not he, Lewis, would pay back to him, Carr, the forty-seven dollars Carr had first advanced, and that thereupon Carr submitted himself to an examination of the Bankers Life Association physician, and the Bankers Life rejected him, Carr, on such examination, then Lewis was liable to pay over to Carr the money so advanced by him, and the jury should so find."

One promise is not always a good consideration for another promise.

Although appellant, as agent of the New York Life Insurance Company, had promised appellee a policy, the promise was upon condition that appellee should take and pass the required medical examination. Appellee refused to take the examination. No duty rested upon appellant to procure a policy or return the money. There was not, therefore, mutuality of engagement. Had appellee taken the examination and passed, the obligation would have rested upon appellant to procure the policy. Had he taken the examination and failed, the obligation would have rested upon appellant to pay back the $47. In either case there would have been mutuality of engagement in the alleged agreement.

The instruction entirely ignored the condition mentioned.

For the reason that the verdict is palpably against the weight of the evidence, and that it was aided by the erroneous instruction above quoted, the judgment will be reversed and the cause remanded.