## TEN BROEK *v.* JANSMA.

1. INSURANCE — APPLICATION — CONTRACTS — OFFER AND ACCEPT-
ANCE.
  Contract relations are not created between insured and insurer
  by an application for life insurance subject to approval of
  the insurer, where a note is given for the premium, and the
  applicant, before his required medical examination, and be-
  fore acceptance or approval, notifies the agent of the insurer
  that he does not care for the insurance.

2. SAME—REMEDY.
  If the note and application constitute a binding contract, the
  remedy for its breach is an action for damages by the insurer,
  not an action on the note.

Error to the superior court of Grand Rapids; Stuart, J.
Submitted April 15, 1910. (Docket No. 86.) Decided
June 6, 1910.

Assumpsit by Henry W. Ten Broek against Fred
Jansma upon a promissory note. A judgment for de-
fendant is reviewed by plaintiff on writ of error. Affirmed.

*Smedley, Hall & Freeland*, for appellant.
*Leonard D. Verdier*, for appellee.

HOOKER, J. The plaintiff having appealed from a
judgment of no cause of action, and the statement of facts
in his brief not being questioned by defendant's counsel,
we treat it as correct under the rule.

The action was brought on a promissory note for $160
given to a solicitor for the Central Life Assurance Com-
pany of the United States. The solicitor, who is the
plaintiff, solicited defendant for insurance and wrote an
application for a policy of $10,000, and the defendant
signed it. It contained the following provision:

"Fill in the kind of premium desired, and if the first year's premium is paid other than annual the cash must be collected for at least the first quarter and note taken for the balance of the first year's premium.

"I hereby agree that this application with medical examination and the policy hereby applied for, taken together, shall constitute the entire contract between the parties hereto, and I hereby represent that all the answers made to the above questions and those that shall be made to the medical examiner are true, and form the basis of an insurance contract, and this contract shall not take effect until the first premium has been paid during my good health.

"I also agree to have required medical examination made at once by a physician acceptable to the society.

"Dated at Grand Rapids, May 17, 1909.

[Signed]        "FRED JANSMA."

He thereupon signed and delivered a note to the plaintiff:

"GRAND RAPIDS, May 17, 1909.

"Sixty days after date I promise to pay to the order of H. W. Ten Broek, at the West Side Branch Kent State Bank, $160, to apply on the ten thousand dollar life insurance policy applied for.

[Signed]        "FRED JANSMA.

"Value received.   Due July 17, $160."

The plaintiff testified that:

"To the best of my knowledge, at the time that I received that note from him, I gave him my receipt.   This is a copy of the receipt we usually give.   It seems to be a carbon copy, made at the same time.   *   *   *

"'CENTRAL LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

"'Observatory Building, Rooms 607-612, Des Moines, Iowa,

No. 85,237.

"'Received of Fred Jansma, $——, also note for $160 due July 17, 1909, for $10,000 of insurance in the Central Life Assurance Society of the United States, on the ten-year renewable form. The conditions of this receipt are that the above-named amount will be returned if the applicant is examined and the policy is not issued; but if the applicant fails to be examined within ten days from this date it is agreed that the above amount will be the consideration for the preparation of the application and soliciting the risk, and

shall thereupon become the property of the said company without further action on its part. The same to be returned to applicant if, after medical examination, the society declines to accept the risk.

   " 'Dated at Grand Rapids, Mich., May 17, 1909.
                                    " 'H. W. TEN BROEK, Agent.' "

The defendant testified that no such receipt was given. Afterwards he called two or three times upon the medical examiner for examination, but did not find him, and finally concluded that he did not care for the insurance, and so told the plaintiff. When the note became due, plaintiff began this action. The defense was "want of consideration." The case was submitted to the jury upon the facts, and they evidently found that no receipt was given or received understandingly. We are asked to hold that the application and note established contract obligations between the defendant and the company, and that there was sufficient consideration for the note.

The application was a request for a life insurance policy. The company was at liberty to accept or reject it, and before acceptance the defendant had a right to withdraw his request or offer to accept a policy, unless the general rule applicable to contracts does not apply. The fact that the defendant advanced or gave his note for the first premium makes no difference. The company never signified its acceptance. That this rule applies to insurance contracts generally is asserted in many cases. 16 Am. & Eng. Enc. Law (2d Ed.), p. 850, and note; *Faughner* v. *Insurance Co.*, 86 Mich. 536 (49 N. W. 643); *Michigan Pipe Co.* v. *Insurance Co.*, 92 Mich. 491, 493 (52 N. W. 1070, 20 L. R. A. 277); *Zimmermann* v. *Insurance Co.*, 110 Mich. 399 (68 N. W. 215, 33 L. R. A. 698); *Gauntlett* v. *Insurance Co.*, 127 Mich. 504 (86 N. W. 1047). The learned trial judge so held. The only similar case cited by counsel is *Lewis* v. *Carr*, 86 Ill. App. 412. That is not a court of last resort, and the decision is apparently one of first impression, no authority being cited in the opinion.

If any contract was made (which we do not intend to imply) it was between the company and the defendant. Counsel's claim seems to be that the application and note bound defendant to submit to an examination, and that inasmuch as he did not, but refused, he is liable on this note. If it were to be conceded that a binding contract was made, it was not a contract of insurance but a conditional contract to insure. If either party repudiated the alleged contract, the other might sue for the breach and recover the damages, but could not recover on a note given for a premium upon a policy never issued.

No error appears in the record, and the judgment is affirmed.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.