## STRUVE v. MOORE.

(Court of Civil Appeals of Texas.   April 1, 1911.)

INSURANCE (§ 187*)—NOTES FOR PREMIUM—
    FAILURE OF CONSIDERATION.

   Defendant executed a note for the first premium of a life insurance policy as a part of an application, which was never forwarded. No medical examination was made, and no policy issued. The payee transferred the note after maturity to plaintiff. No policy could be issued without an application, and no part of the proceeds of the note was ever forwarded to the company, nor was the payee liable for any part of the premium. *Held,* that the note was unenforceable for failure of consideration

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 401; Dec. Dig. § 187.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by C. B. Moore against C. A. Struve. Judgment for plaintiff. and defendant appeals. Reversed and rendered.

Cunningham & Oliver, for appellant. Ben L. Cox, for appellee.

CONNER, C. J. Appellee instituted this suit upon a promissory note made by the appellant and acquired by appellee from one C. B. Bledsoe, the payee, after maturity and by a transfer "without recourse." Appellant's defense was that he had been induced to sign the note without knowing what it was; that Bledsoe had solicited from him insurance; that he (appellant) had signed an application therefor; that after he had signed the application Bledsoe had returned with it to him and stated that he had failed to sign in one place and that he signed his name not knowing that it was a promissory note; that the note at best was given for the first premium for an insurance policy; that it was left optional with him (appellant), at the time of signing the application. whether he would later submit to a medical examination which was required by the rules of the company; and that no medical examination in fact had ever been made, and no policy of insurance had ever issued. These matters were denied by the plaintiff, Moore, and the judgment was in his favor.

Complaint is first made of the refusal of the court to give a peremptory instruction to the jury to find in appellant's favor. The evidence conflicts on the issue of whether appellant knowingly signed the note and as to the optional feature of his defense. The insurance agent Bledsoe testified, in substance, that the matter was fully explained to appellant at the time, and that appellant, without fault on the part of Bledsoe or of the insurance company, had failed to have made the medical examination that he had promised. It is undisputed, however, that the note was made to represent the first premium on the policy applied for; that no medical examination of appellant had ever been made; and that no policy of insurance had ever been issued or delivered to him by virtue of the application mentioned. The entire theory of the recovery in this case is evidently that presented in appellee's counter proposition under appellant's first assignment, viz.: "The maker of a promissory note is not in a position to plead failure of consideration of such note, when the consideration for which the note is executed and delivered has been prevented from moving to and being received by said maker of said note, by the act and fault of the maker himself." This principle in a proper case might doubtless have application, but not so here. A contract of insurance is one of indemnity, and in

the case before us no liability or risk on the part of the insurance company ever arose. The agent Bledsoe testified that without an application no policy could or would issue under the rules of the company; that no part of the proceeds of the note had ever been forwarded to the company, and,.until the issuance of a policy, he (the agent) was not liable for any part thereof. It may be that, upon the theory of the transaction as presented in the testimony of the insurance agent Bledsoe, appellant would be liable for any actual damage inflicted upon the agent by reason of appellant's failure or refusal to submit to the medical examination; but such damage, if any, is not made the basis of the suit. The recovery is sought upon the note which was concededly given for the first premium upon a policy that never issued.; hence there is no doubt in our minds of the total failure of consideration. See Tenbroek v. Jansma, 161 Mich. 597, 126 N. W. 711; Insurance Company v. Pyle, 44 Ohio St. 19, 4 N. E. 465, 58 Am. Rep. 781. In the case last cited a quotation is made from the case of Tyrie v. Fletcher, Cowp. 666, 668, decided in 1777, giving the general rule as stated by Lord Mansfield as follows: "That where the risk has not been run, whether its not having been run was owing to the fault, pleasure, or will of the insured, or to any other cause, the premium shall be returned, because a policy of insurance is a contract of indemnity. The underwriter receives a premium for running the risk of indemnifying the insured, and, whatever cause it be owing to, if he does not run the risk, the consideration,.for which the premium or money was put into his hands, fails, and therefore he ought to return it."

It follows, we think, that upon the undisputed facts the verdict and judgment should have been for appellant, and we, accordingly, reverse the judgment and here render it in his favor.